Cook *v.* Green.

---

BENJAMIN COOK *against* JOSEPH GREEN.

ON CERTIORARI.

If, after a jury has retired, they require further explanation from the Court, and the Court, after calling upon the counsel of the defendant to go with him, who refuses, and after seeking for the defendant, who cannot be be found, goes into the jury room and gives them the explanation they require, this is not error.

This case will be sufficiently understood by the opinion of the court, delivered by Justice FORD.

*Miller*, attorney for plaintiff in *certiorari.*

FORD, J. The justice states, " That after the jury had been out a short time, they sent for the court, in their room, to explain. I called for the parties, and it appeared

the defendant had absconded, although under a warrant, and his counsel refused to go in. I, however, went in, and found they wished the opinion of the court on the endorsement of the note, as there was no date to it. My answer was, that I should consider it as due when endorsed, as it was thus intimated on the plaintiff's state of demand, and not denied by the defendant in his pleading."

If a jury, after withdrawing to consider the cause, get embarrassed on a question of law, they may, and in prudence ought to, ask for the opinion of the justice thereon, and it is his duty to declare the law to them. It should be done in presence of both parties, that they may except to the opinion for error if they think it erroneous, and, therefore, they ought to be called, and even sought for, by the constable, or other person deputed by the court. But if sought for honestly at the *place of trial*, where they ought to be, they cannot be found, or, being found, they or either of them refuse to attend, such absence or refusal does not release the justice from his duty to declare the law to the jury.

These small causes are tried, for the most part, in private houses, where apartments are not numerous or very commodious, and whether the justice delivers his charge in the room where the trial was heard, or in the room where the jury is convened, is wholly immaterial in law and in reason, provided there is notice, or a reasonable effort to give notice to parties to be present, and the room is made public to everybody during the charge. But if a justice should go into the jury room secretly and unknown to parties, and there hold private conference with the jury, it would excite allowable jealousies in both parties, and be such an outrage upon the essential forms of trial by jury, as to vitiate all the proceedings. In the present case, there was no such thing as secrecy on the part of the justice, he gave notice, he invited the counsel of defendant to attend, and his charge was public to all who chose to attend. I think he acted not only right but honorably, as became his station, and, therefore,

Let the judgment be affirmed.